age done by a ship, where, as I say, the ship itself is the physical instrument by which the injury is done, and where the cause of action is the physical injury."

Of course, it is true, as urged by libelant, that, in actions in rem against the ship for injuries received by those on board, such injuries are charged to the ship; but to my mind Congress by this enactment clearly did not intend to overturn the government's established policy, and permit its employees to bring actions for damages received on government ships in the course of their employment, but did intend by the use of the words "caused by a public vessel" the same meaning, restricted only to a public vessel, which the English courts gave to the words "done by any ship." The exceptions are therefore sustained.

A decree may be entered, dismissing the libel, but without costs.

---

**Harry L. O'NEAL, Libelant Appellant, v. UNITED STATES, Respondent Appellee.**

(Circuit Court of Appeals, Second Circuit. March 19, 1926.)

No. 294.

Appeal from the District Court of the United States for the Eastern District of New York.

Silas B. Axtell, of New York City, for appellant.

Horace T. Atkins, of New York City, for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Decree (11 F.[2d] 869) affirmed.

---

**CLARK v. CLARK.**

(District Court, S. D. New York. April 8, 1925.)

**Husband and wife ⬅⟶205(2)—Action of libel and slander will not lie by wife against husband.**

Action of libel and slander will not lie by wife against her husband, though parties are not living together; and where petition disclosed that plaintiff relied on fact that she was defendant's wife, it was dismissible.

Action by Estelle M. Clark against Frank C. Clark. On motion to dismiss. Motion granted.

Judgment affirmed 11 F.(2d) 871.

Charles A. Wilson, of New York City (Frank Harvey Field, of New York City, of counsel), for plaintiff.

William Huck, Jr., of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is an action for libel and slander. While the complaint does not allege that the plaintiff is defendant's wife, it recites a Nevada decree of divorce, and alleges that it is fraudulent and void. It also appears, by the plaintiff's affidavit in opposition to defendant's motion to dismiss, that she has obtained a decree from the New Jersey Court of Chancery that the Nevada decree was void, and in her affidavit she further alleges that after that decree, and while she was still the wife of defendant, he introduced another woman "as Mrs. Frank C. Clark, the proper name and title of this deponent."

It is therefore apparent that the plaintiff is really relying on the fact that she is the wife of the defendant, both because the Nevada court had no jurisdiction to decree divorce, and because the New Jersey court, which had jurisdiction of both parties, held the Nevada decree of divorce bad. Nothing appears in the affidavits to question the validity of the New Jersey decree. We therefore have an action for libel and slander by a married woman against her husband. I find nothing to permit this, even under the broad provisions of the present legislation for married women. Abbe v. Abbe, 48 N. Y. S. 25, 22 App. Div. 483; Perlman v. Brooklyn City Ry. Co., 191 N. Y. S. 891, 117 Misc. Rep. 353; affirmed 194 N. Y. S. 971, 202 App. Div. 822. Nor does the fact that they are not living together put the injured party in a better position.

The motion to dismiss is granted.

---

**Estelle M. CLARK, Plaintiff in Error, v. Frank C. CLARK, Defendant in Error.**

(Circuit Court of Appeals, Second Circuit. January 4, 1926.)

No. 145.

In Error to the District Court of the United States for the Southern District of New York.

Charles A. Wilson (Frank Harvey Field, of New York City, of counsel), for plaintiff in error.

William Huck, Jr., of New York City, for defendant in error.

Before HOUGH, MANTON and HAND, Circuit Judges.

PER CURIAM. Judgment 11 F.(2d) 871, affirmed with costs.

---

## In re CASS & DALEY SHOE CO.

(District Court, D. Massachusetts. March 5, 1926.)

No. 34526.

1. **Bankruptcy** ⬦ 123.

Creditors' assignment of claims to creditors' committee *held* not to disfranchise them or representative of committee from voting for trustee.

2. **Bankruptcy** ⬦ 123—That bankrupt placed itself almost entirely in hands of creditors' committee held not to show collusion defeating creditors' right to vote for trustee.

That bankrupt company put itself almost entirely in hands of committee of principal creditors *held* not to show collusion, defeating creditors' rights to vote for trustee.

In Bankruptcy. In the matter of the bankruptcy of the Cass & Daley Shoe Company. On review of referee's order appointing trustees. Order vacated, and sole trustee appointed.

Alexander G. Gould, of Boston, Mass., for trustee.

Robert A. B. Cook, of Boston, Mass., for Hill and others.

MORTON, District Judge. [1] If the appointment of the trustee had lain with the referee in the first instance, I do not think that any reasonable objection could be made to what he did. The persons whom he named are admittedly entirely suitable and represented all interests. The difficulty is that the act puts the selection into the hands of the creditors, and in this case an overwhelming majority in number and amount of them were in favor of Mr. Hill as sole trustee. The learned referee held, as I understand his decision, that under In re Lamkin Bros. (D. C. Mass., January 25, 1915), the claims which had been assigned to the creditors' committee could not be voted by counsel for the committee. As none of the committee were in court, this in effect disfranchised these claims. The result was that there was no choice by creditors, and the referee appointed the present trustees.

Several of the largest creditors, who were acting in accord with the committee, were represented at the meeting by their personal counsel; their claims were voted by such counsel, and were enough to control the election. This aspect of the situation is not referred to in the referee's certificate, and seems not to have been called to his attention. The facts are stated in an affidavit by Mr. Cook, which is not contradicted. Instead of recommitting the certificate to incorporate them, I will deal with it as if the facts stated in the affidavit were stated in it.

The learned referee's rulings went much beyond the Lamkin Case. There the referee refused to permit a claim to be voted by an attorney, who did not represent the creditors, but was acting for the attorneys for the creditors. It was held that, in view of General Order IV, the referee did not abuse his discretion or exceed his power in refusing to receive the vote. It was not intended by that decision to outlaw creditors' committees in bankruptcy proceedings. If openly and honestly organized and conducted, they may be of great assistance, as Judge Anderson recently observed in the New England Oil Company Case, 8 F.(2d) 392, on the equity side of this court. There is practical force undoubtedly in the learned referee's suggestion that creditors' committees may be abused; but this is not peculiar to bankruptcy, and is not a sufficient reason for disapproving them in all cases. If the assigning creditors be regarded as out of the case by reason of their assignments to the committee, the latter would be substituted as creditors, and under the General Order referred to had the right to be represented by counsel. If the assignments be not regarded as substituting the committee for the assigning creditors, the latter had the right to appear by counsel, and their vote should have been counted. Either way, Mr. Hill was chosen as sole trustee. There is no question of his fitness; indeed, the learned referee appointed him one of the trustees.

[2] An additional reason why the learned referee refused to receive the votes cast by the creditors' committee, and perhaps also the votes cast by creditors acting with the committee, was that he regarded the committee's conduct as improper, and amounting to collusion between the committee and the bankrupt for the control of the estate. Upon a very careful consideration of the testimony, I do not think that such a finding was justified. When the Cass & Daley Company got into difficulties, nearly all its principal creditors got together and formed a committee. The bankrupt, not improperly, I think, put